Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
William C. Wright (WW 2213)
bwright@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391
*Attorneys for Plaintiff Central Denim LLC*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENTRAL DENIM, LLC<br>*Plaintiff*<br><br>v.<br><br>IMY, LLC and Y.M.I. JEANSWEAR, INC.<br>*Defendants* | **COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT AND INVALIDITY**<br><br>CIVIL ACTION NO. <u>**1:17-cv-1429**</u><br><br><u>**JURY TRIAL REQUESTED**</u> |

**COMPLAINT**

Plaintiff, Central Denim, LLC (hereinafter, "Central Denim" or "Plaintiff"), by and through its undersigned counsel, brings this action for a declaratory judgment of non-infringement of any purported trademark, trade dress and/or copyright rights allegedly owned by Defendants IMY, LLC ("IMY") and Y.M.I. Jeanswear, Inc. ("YMI") (IMY and YMI are collectively hereinafter referred to as, "Defendants") for the functional, generic and non-distinctive back pocket design of the Defendants' "Wanna Betta Butt" jeans and in or to Defendants' WBB Labels (defined *infra*). Central Denim also seeks a declaratory judgment that any alleged trademark

1

and/or trade dress asserted by Defendants in and to the functional, generic and non-distinctive WBB Pocket Design (defined *infra*) are invalid and unenforceable.  Central Denim hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the United States Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"), the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202 in which Central Denim seeks a declaratory judgment of non-infringement of trademark, trade dress and/or copyright rights purportedly owned by Defendants and that any alleged trademark and/or trade dress rights asserted by the Defendants are invalid and unenforceable.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. § 1121 as an action arising out of the Lanham Act, 15 U.S.C. §§ 1051 et seq. and the Copyright Act, 17 U.S.C. §§ 101 et seq., and 28 U.S.C. § 2201-02 (Declaratory Judgment Act).

3. This Court has personal jurisdiction over Defendants because Defendants conduct business and are registered to do business in New York and in this judicial district.  Specifically, Defendants actively operate and maintain a corporate office and showroom with employees in New York, engage in systematic business activities with companies in New York, enforce their intellectual property rights in New York against Plaintiff and others and sell their apparel products to consumers in this judicial district.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this judicial district, a substantial part of the events or omissions

giving rise to the asserted counts occurred in this judicial district, a substantial part of the subject property is located here, and the harm to Plaintiff has occurred in this district.

## THE PARTIES

5. Plaintiff Central Denim is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 1410 Broadway, Suite 2901, New York, NY 10018.

6. Upon information and belief, Defendant IMY is a limited liability company organized and existing under the laws of the State of California, with a principal place of business at 1155 S. Boyle Avenue, Los Angeles, CA 90023.

7. Upon information and belief, Defendant YMI is a limited liability company organized and existing under the laws of the State of California, with a principal place of business at 1155 S. Boyle Avenue, Los Angeles, CA 90023; a corporate office and/or showroom located at 530 Fashion Avenue, Floor #27, New York, NY 10018 and a corporate office/showroom located at 530 8th Avenue, New York, NY 10018.

## GENERAL ALLEGATIONS

### Plaintiff and its RBR Pocket Design

8. Central Denim is a leading apparel and consumer product design firm, known for its design, development, manufacturing, sourcing, logistics planning, marketing and distribution of some of the most widely recognized fashion apparel brands in the United States and worldwide.

9. Central Denim is the owner and operator of multiple fashion apparel brands which are distributed through various channels of distribution in the United States.

10. The success of Central Denim's fashion apparel brands is due to, among other things, its over twenty (20) years of experience in designing, manufacturing and distributing high-

quality, cutting-edge apparel at affordable prices, its talented and experienced design and merchandising teams, and global sourcing and manufacturing teams.

11. Among Central Denim's fashion apparel brands is its line of women's jeans sold under the "Rebel by Right" trademark ("RBR Jeans"), which feature a back pocket design consisting of an asymmetrical pocket with a curved edge and a multi-feature intricate stitching design ("RBR Pocket Design"). A true and correct photograph of the RBR Jeans bearing the RBR Pocket Design is depicted below:



12. The Central Denim Jeans are sold with the hangtag and labels ("RBR Label(s)") depicted below:



**Defendant and its WBB Pocket Design and WBB Labels**

13. Defendant YMI is an apparel company that designs, manufactures and sells

4

women's jeans and other apparel.

14. Defendant YMI and Defendant IMY are owned by the same individuals and have the same principal place of business in California.

15. Defendant IMY is the assigned owner of the WBB Copyright Registrations (defined *infra*) and the WBB TM Registration (defined *infra*).

16. YMI uses the WBB Copyright Registrations (defined *infra*) and the WBB TM Registration (defined *infra*) on and in connection with the sale of their WBB Jeans (defined *infra*).

17. Defendants own and operate an interactive website, located at www.ymijeans.com, on which they advertise, offer for sale and sell their WBB Jeans (defined *infra*) directly to consumers, including consumers located in this judicial district.

18. Defendants have contracted with several department stores and specialty chain stores to have their apparel products, including the WBB Jeans, offered for sale and sold in such stores across the United States, including in this judicial district.

19. Upon information and belief, Defendants have developed and implemented a comprehensive licensing program as part of their efforts to expand their brand through which Defendants negotiate, enter into agreements, and derive substantial economic benefit from licensing their intellectual property rights, including the WBB Copyright Registrations (defined *infra*) and the WBB TM Registration (defined *infra*), to numerous companies throughout the United States, including in this judicial district.

20. Defendants operate and maintain a showroom and offices in New York with employees ("YMI NY Office").

21. Upon information and belief, Defendants design, manufacture, and sell a line of

women's jeans under the name "Wanna Better Butt" ("WBB Jeans"), which feature a back pocket design consisting of an asymmetrical pocket with a curved edge and a single-feature stitching design ("WBB Pocket Design"). A true and correct photograph of the WBB Pocket Design is depicted below:



22. On November 4, 2014 Defendant IMY filed an intent-to-use trademark application, U.S. Serial No. 86/444,596 ("WBB TM Application"), on the Principal Register of the United States Patent and Trademark Office ("USPTO") for the mark shown below:



6

and alleging that it was comprised of:

> "two belt loops above two connecting arches above two stitching patterns on two pockets each consisting of four curving lines that extend from one side of the pocket to the other crossing over each other forming an oval shape extending downward in the middle of the pattern, the shape of the pocket as consisting of a curved line on one side and a straight line on the other side with a single obtuse angle where the lines meet at the bottom of the pocket design and a stitching pattern on the bottom of the pocket design consisting of lines mirroring the curved line on one side and the straight line on the other side that meet at the bottom of the pocket design."

(hereinafter, "WBB Alleged TM"). A true and correct copy of the WBB Trademark Application is attached hereto as **Exhibit A**.

23. The USPTO issued an office action on March 3, 2015 ("3/3/15 OA") refusing registration of the WBB TM Application on the bases that (1) "the applied-for mark, as used on the specimen of record, is merely a decorative or ornamental feature of the goods, and as such does not function as a trademark to indicate the source of applicant's goods and to identify and distinguish them from others" and (2) "the outline of the two back pockets" is "nondistinctive and incapable of functioning as a mark". A true and correct copy of the of the 3/3/15 OA is attached hereto as **Exhibit B**.

24. On April 15, 2015 Defendant IMY submitted a response to the 3/3/15 OA ("IMY First OA Response") claiming exclusive use of the WBB Alleged TM and that the WBB Alleged TM is non-functional. A true and correct copy of the IMY First OA Response is attached hereto as **Exhibit C**.

25. In total, the USPTO issued five (5) office actions continuing its refusal to register the WBB Alleged TM in the WBB TM Application.

26. Pursuant to a final refusal from the USPTO, on August 5, 2015 Defendant IMY

filed an amendment to allege use with the USPTO ("IMY Amendment"). On the same date, Defendant IMY also submitted a response to an office action in which it largely abandoned its arguments of exclusive use and distinctiveness/acquired distinctiveness and sought amendment to the Supplemental Register for the WBB Alleged TM ("IMY Aug. OA Response"). Subsequently, on December 2, 2015, IMY submitted another response to an office action in which it amended the WBB Alleged TM to a narrower mark, as shown and described below:



> The mark consists of a three-dimensional configuration of a portion of the left and right back pocket design on a pair of pants. Each pocket contains a curved edge which is a mirror image of the other that starts at the top side closest to the outer side seam and ends at the bottom of the pocket in a point. The stitching pattern consists of four parallel lines which extend downward in a concave curve from the side of the pocket closest to the outer side seam towards the bottom point of the pocket, loop upward and cross back over the curve to form an oval shape that extends downward towards the bottom point of the pocket, and curve upward from the bottom of the oval shape in a concave curve to the inner seam of the pocket. The dotted lines in the drawing depicting the top, inner edge and diagonal bottom edge of the pocket shape indicate placement of the pocket design on the goods and are not claimed as a part of the mark.

("IMY Dec. OA Response" and "Amended WBB Alleged TM", respectively). True and correct copies of the IMY Amendment, the IMY Aug. OA Response and the IMY Dec. OA Response

are attached hereto as **Exhibit D**.

27. On March 15, 2016, the USPTO granted Defendant IMY a trademark registration on the Supplemental Register for the Amended WBB Alleged TM, U.S. Trademark Registration No. 4,919,701 ("WBB TM Registration"). A true and correct copy of the Registration Certificate for the WBB TM Registration is attached hereto as **Exhibit E**.

28. The Supplemental Register is reserved for marks that do not meet the requirements for registration on the Principal Register (i.e., marks that have not yet acquired distinctiveness).

29. Upon information and belief, the WBB Jeans are sold with the hangtag and label depicted below ("WBB Labels"):



30. Upon information and belief, the United States Copyright Office granted YMI the following copyright registrations for the works embodied in the WBB Labels: VA 1-945-633 and VA 1-945-631 ("WBB Copyrights" and "WBB Copyright Registrations", respectively). The Certificates of Registration for the WBB Copyrights are attached hereto as **Exhibit F**.

## Case and Controversy

31. On or about October 11, 2016, Defendants, acting through their attorneys, sent a cease and desist letter to Burlington Coat Factory Warehouse Corporation ("Burlington") (one of Central Denim's retail customers) alleging that Burlington was "advertising, marketing, and

selling garments" that infringed upon the alleged rights claimed in the WBB Copyright Registrations and the WBB TM Registration and that it immediately cease sales and identify the source of the alleged infringing garments ("YMI C&D").  Burlington forwarded the YMI C&D to Central Denim on October 17, 2016 and demanded that Central Denim indemnify and defend it against Defendants' allegations ("Burlington Letter").  A true and correct copy of the YMI C&D and Burlington Letter are attached hereto as **Exhibit G**.

33. Specifically, Defendants claim that the RBR Pocket Design and the RBR Label infringe the WBB TM Registration and the WBB Copyright Registrations.

33. Well prior to the date of first use claimed in the WBB TM Registration (June 2012) and simultaneous thereto, numerous third parties have designed, manufactured and sold women's jeans containing curved back pockets.  Attached hereto as **Exhibit H** is a sampling such of third party products.

34. The RBR Pocket Design and the WBB Pocket Design that is the subject of the WBB TM Registration registered on the Supplemental Register are both functional/ornamental designs due to, among other reasons, the fact that they enhance the wearer's figure. Regardless, the RBR Pocket Design and the WBB Pocket Design are neither identical, nor are they confusingly similar in both the shape of the pockets and in the stitching design.  Below is a side-by-side comparison of the RBR Pocket Design and the WBB Pocket Design:

| RBR POCKET DESIGN | WBB POCKET DESIGN |
|---|---|
|  |  |

35.     Further, there is no substantial similarity between the RBR Label and the WBB Labels.  Below is a side-by-side comparison of the RBR Label and the WBB Labels:

| RBR LABEL | WBB LABELS |
|---|---|
|  |   |

36.     The parties engaged in over four (4) months of communications in good faith, but settlement could not be reached given Defendants' over-reaching requirements as to future restrictions on Central Denim's right to design apparel.

37.     As recently as February 1, 2017, counsel for Defendants re-iterated its aggressive stance on settlement, noting that "if your client cannot agree to these terms, please let me know

11

so we can proceed accordingly."

38. Defendants have attempted to actively enforce their WBB TM Registration in this judicial district.

39. For example, on or about September 2015, Defendants sent a cease and desist letter to Exude, LLC ("Exude") (a third party apparel designer located and doing business in New York) regarding the back pocket design of Exude's line of women's jeans, resulting in Exude filing a Complaint for Declaration of Non-Infringement against Defendants in the U.S. District Court for the Southern District of New York, *Exude, LLC v. YMI Jeanswear Inc. et al.*, No. 1:15-cv-07204-LTS, Dkt. 1 (S.D.N.Y. Sept. 11, 2015) ("YMI NY Lawsuit").

40. Defendants have also actively enforced their alleged trademark, trade dress and/or copyright rights in California by filing five (5) separate lawsuits in the U.S. District Court for the Central District of California between March 2015 and November 2016 ("YMI CA Lawsuits").

41. Defendants filed a complaint against ABM Jeans, Inc. (a California corporation) in the U.S. District Court for the Central District of California, *YMI Jeanswear Inc. et al. v. ABM Jeans Inc.*, No. 2:15-cv-01852-FMO-FFM, Dkt. 1 (C.D.C.A. March 12, 2015), asserting claims of trademark infringement, passing off and unfair competition and alleging that "The YMI Design Mark consists of a very unique and recognizable combination and placement of stitching, seams, connectors and pocket designs."

42. Defendants filed a complaint against Cavalini, Inc. (a California corporation) in the U.S. District Court for the Central District of California, *YMI Jeanswear Inc. et al. v. Cavalini, Inc.*, No. 2:15-cv-01853-SVW-PLA, Dkt. 1 (C.D.C.A. March 12, 2015), asserting claims of trademark infringement, passing off and unfair competition and alleging that "The YMI Design Mark consists of a very unique and recognizable combination and placement of

stitching, seams, connectors and pocket designs."

43. Defendants filed a complaint against Street Denim, Inc. (a New York corporation) in the U.S. District Court for the Central District of California, *Y.M.I. Jeanswear, Inc. et al. v. Street Denim, Inc.*, No. 2:15-cv-05821-AB-E, Dkt. 1 (C.D.C.A. July 31, 2015), asserting claims of trademark infringement and unfair competition and alleging that "The Y.M.I. Design Mark consists of a very unique and recognizable combination and placement of stitching, seams, and pocket designs on the back side of the jeans, together and individually."

44. Defendants filed a complaint against First Love Fashions LLC (a New York limited liability company) in the U.S. District Court for the Central District of California, *Y.M.I. Jeanswear, Inc. et al. v. First Love Fashions LLC et al.*, No. 2:16-cv-01724-JFW-KS, Dkt. 1 (C.D.C.A. March 14, 2016), asserting claims of trademark infringement, passing off and unfair competition and alleging that "The [YMI] Design Mark consists of a very unique and recognizable combination and placement of stitching and pocket designs on the back side of the bottoms, together and individually."

45. Defendants filed a complaint against Nexst California, Inc. (a California corporation) in the U.S. District Court for the Central District of California, *Y.M.I. Jeanswear, Inc. et al. v. Nexst California, Inc.*, No. 2:16-cv-08862-DMG-RAO, Dkt. 1 (C.D.C.A. Nov. 30, 2016), asserting claims of trademark infringement, passing off and unfair competition and alleging that "At least as early as 2012, Y.M.I began marketing clothing with distinctive, protectable elements, including a very unique and recognizable combination and placement of stitching and pocket designs on the back side of the bottoms, together and individually."

46. The YMI NY Lawsuit and the YMI CA Lawsuits evidence Defendants' repeated misuse of litigation in this judicial district and elsewhere to attempt to enforce their functional

WBB Pocket Design.

47. Defendants' allegations that the offer for sale and sales of the RBR Jeans infringe the YMI Defendants' alleged trademark, trade dress and/or copyright rights, over-reaching settlement requirements, and their history of aggressive misuse of litigation to enforce such rights create a substantial justiciable controversy between the parties, having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in this instance.  Such accusations have given rise to a case of actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§2201-02.

## COUNT ONE
### (Declaratory Judgment of Invalidity of U.S. Trademark Registration 4,919,701 on the Basis that it is Functional and/or Ornamental)

48. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

49. As alleged in the WBB TM Registration, Defendants seek to protect the WBB Pocket Design of the WBB Jeans.

50. The WBB Pocket Design is functional and therefore ineligible for trademark protection.

51. The WBB Pocket Design is ornamental and therefore ineligible for trademark protection.

52. The WBB Pocket Design that Defendants allege constitutes its "unique" trademark is essential to the use or purpose of the WBB Jeans and further affects the cost or quality of the product.

53. The WBB Pocket Design is one that is commonly used in the apparel industry. Such a design is aesthetically functional and/or ornamental and incapable of functioning as a trademark as applied to jeans.

54. Allowing trademark protection for the functional WBB Pocket Design would place Central Denim at a significant competitive disadvantage, and deprive Central Denim of competitive alternatives.

### COUNT TWO
**(Declaratory Judgment of Invalidity of U.S. Trademark Registration No. 4,919,701 on the Basis that it Lacks Acquired Distinctiveness)**

55. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

56. Defendants do not own any trademark rights in and to the WBB Pocket Design because it lacks the necessary acquired distinctiveness required for a design to be protectable under the Lanham Act, it has not acquired secondary meaning and it does not function as a source indicator.

### COUNT THREE
**(Declaratory Judgment of Non-Infringement of U.S. Trademark Registration No. 4,919,701)**

57. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

58. The RBR Pocket Design and the RBR Jeans do not infringe any alleged trade dress or trademark rights held by Defendants.

59. There is no likelihood of consumer confusion as to source, affiliation, sponsorship, or connection with Defendants that is caused by the RBR Pocket Design or Central Denim's sale of the RBR Jeans.

### COUNT FOUR
**(Declaratory Judgment of Non-Infringement of U.S. Copyright Registration Nos. VA 1-945-633 and VA 1-945-631)**

60. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

61. Neither the RBR Label, nor the RBR Jeans infringe either of the WBB Copyright Registrations.

62. The RBR Label is not substantially similar to the WBB Labels.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Declare that the advertisement and sale of the RBR Jeans, incorporating the RBR Pocket Design and the RBR Label, and any other products incorporating the RBR Pocket Design and/or the RBR Label, by Central Denim and Central Denim's customers do not violate any of Defendants' rights under the trademark or copyright laws of the United States;

B. Declare that Central Denim and Central Denim's customers have the right to advertise and sell the RBR Jeans, incorporating the RBR Pocket Design and the RBR Label, free from interference from Defendants, their officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, under the authority of Defendants, or in concert or participation with them of the Defendants;

C. Declare that Defendants, their officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, under the authority of Defendants, or in concert or participation with them be permanently enjoined from:

1. Interfering with, or threatening to interfere with, the sale or advertisement of the RBR Jeans, incorporating the RBR Pocket Design and the RBR Label;

2. Instituting or prosecuting any lawsuit or other proceeding before the United States Trademark Office and/or the United States Copyright Office which places at issue the right to advertise and sell the RBR Jeans, incorporating the RBR Pocket

Design and the RBR Label.

D. Declare that the WBB TM Registration, U.S. Trademark Registration No. 4,919,701, is invalid, unenforceable and should be cancelled.

E. Declare that Defendants lack any ownership rights in the WBB Pocket Design;

F. Award Central Denim its attorney's fees; and

G. Award Central Denim such other and further relief, as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Central Denim hereby demands a trial by jury of all issues so triable.

Dated: February 24, 2017                    EPSTEIN DRANGEL, LLP

By:   s/ Ashly E. Sands
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
William C. Wright (WW 2213)
bwright@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391